UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL BARILLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>FUENTES&FUENTES CORP., NILSON ARGUETA (a/k/a NIXON ARGUETA, a/k/a NIXON ARGUTA, a/k/a NICK ARGUETA), and LETICIA MELARA,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Joel Barillas ("Plaintiff"), by and through his attorneys, for his Complaint against Defendants Fuentes&Fuentes Corp. ("Fuentes&Fuentes"), Nilson Argueta (a/k/a Nixon Argueta, a/k/a Nixon Arguta, a/k/a Nick Argueta) ("Argueta"), and Leticia Melara ("Melara," and together with the other defendants, "Defendants"), alleges as follows:

## 1. NATURE OF THE ACTION

1. This is an action to recover unpaid overtime compensation, spread-of-hours pay, statutory damages, liquidated damages, prejudgment interest, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 et seq. and 650 et seq., and the supporting regulations.

2. Plaintiff brings this action individually and on behalf of similarly situated current and former non-exempt employees pursuant to 29 U.S.C. § 216(b), and on behalf of a Rule 23 class of similarly situated current and former non-exempt employees under New York law.

## 2. JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the FLSA.

4. This Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's NYLL claims under 28 U.S.C. § 1367 because they derive from a common nucleus of operative fact.

6. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred at Defendants' deli/restaurant located at 1385 Brentwood Road, Bay Shore, New York 11706, in Suffolk County, and Defendants transacted business and employed Plaintiff in this District.

**3. <u>THE PARTIES</u>**

7. At all relevant times, Plaintiff was employed by Defendants in a non-exempt deli/restaurant position.

8. Defendant Fuentes&Fuentes Corp. is, upon information and belief, a domestic business corporation organized under the laws of New York with a principal executive office and/or address for service at 100 Cherry Lane, Medford, New York 11763. At all relevant times, it owned, operated, managed, and/or controlled the deli/restaurant known as La Libertad Deli, located at 1385 Brentwood Road, Bay Shore, New York 11706.

9. At all relevant times, Fuentes&Fuentes Corp. owned, operated, managed, and/or controlled La Libertad Deli at 1385 Brentwood Road, Bay Shore, New York 11706, and employed Plaintiff and similarly situated employees there.

10. Upon information and belief, Nilson Argueta was an owner, officer, principal, and/or person with operational control over Fuentes&Fuentes Corp. and La Libertad Deli and, at all relevant times, had operational control over the business and Plaintiff's employment.

11. Upon information and belief, Argueta had the power to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine rates and methods of pay, and maintain employment records.

12. Defendant Leticia Melara is an individual who, at all relevant times, had operational control over the business and Plaintiff's employment.

13. Upon information and belief, Melara had the power to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine rates and methods of pay, and maintain employment records.

14. At all relevant times, Defendants were employers of Plaintiff within the meaning of the FLSA and NYLL.

15. At all relevant times, Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

16. At all relevant times, Defendants were joint employers and/or a single integrated enterprise.

17. At all relevant times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

18. Upon information and belief, Defendants had annual gross sales or business done of not less than $500,000.

19. Defendants employed two or more employees who handled, sold, or otherwise worked on goods or materials that had moved in or were produced for interstate commerce.

20. Upon information and belief, while operating a deli/restaurant, Defendants and their employees handled goods and materials that moved in interstate commerce, including but not limited to food products, beverages, meat, produce, paper goods, packaging, cleaning products, kitchen tools, appliances, and other supplies.

21. Upon information and belief, Plaintiff himself regularly handled goods and materials that had moved in interstate commerce.

22. Accordingly, Plaintiff was covered by the FLSA under both enterprise and individual coverage.

## 4. COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

23. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons.

24. The FLSA Collective is defined as: All current and former non-exempt deli/restaurant employees, including food preparers, cooks, kitchen workers, counter workers, cashiers, cleaning workers, and related non-exempt employees, who worked for Defendants at La Libertad Deli, 1385 Brentwood Road, Bay Shore, New York, at any time during the three (3) years preceding the filing of this action through the date of final judgment, who worked more than forty (40) hours in one or more workweeks and were not paid overtime compensation at one and one-half times their regular rates of pay for all hours worked over forty (40).

25. Plaintiff and the members of the FLSA Collective are similarly situated because they were subject to Defendants' common compensation, payroll, and recordkeeping policies and practices.

26. Upon information and belief, Defendants failed to pay Plaintiff and the FLSA Collective overtime compensation while paying them straight time for hours worked over forty (40).

27. The similarly situated employees are known to Defendants, are readily identifiable from Defendants' records, and can be notified of the pendency of this action.

28. Plaintiff is filing his written consent to join this action contemporaneously with the filing of this Complaint pursuant to 29 U.S.C. § 216(b).

## 5. CLASS ACTION ALLEGATIONS UNDER RULE 23 FOR NEW YORK CLAIMS

29. Plaintiff brings his New York claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class of similarly situated current and former employees.

30. The Rule 23 New York Class is defined as: All current and former non-exempt deli/restaurant employees, including food preparers, cooks, kitchen workers, counter workers, cashiers, cleaning workers, and related non-exempt employees, who worked for Defendants at La Libertad Deli, 1385 Brentwood Road, Bay Shore, New York, at any time during the six (6) years preceding the filing of this action through the date of final judgment.

31. The members of the New York Class are so numerous that joinder of all members is impracticable.

32. There are questions of law and fact common to Plaintiff and the New York Class, including but not limited to: (a) whether Defendants were the employers of Plaintiff and the class members; (b) whether Defendants maintained a policy or practice of paying straight time for overtime hours; (c) whether Defendants failed to pay spread-of-hours compensation; (d) whether Defendants failed to provide wage notices; (e) whether Defendants failed to furnish accurate wage statements; (f) whether Defendants kept accurate payroll and time records; and (g) the proper measure of damages.

33. Plaintiff's claims are typical of those of the New York Class because they arise from the same unlawful policies and practices.

34. Plaintiff will fairly and adequately protect the interests of the New York Class.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder is impracticable and the damages suffered by

individual class members may be relatively small compared to the burden and expense of individual litigation.

36. The names and addresses of the class members are ascertainable from Defendants' books, records, and papers.

## 6. FACTUAL ALLEGATIONS

37. Defendants employed Plaintiff from approximately October 2020 until approximately August 11, 2025.

38. Plaintiff worked in a non-exempt, manual, and routine deli/restaurant position as a food preparer and cook. At all relevant times, Plaintiff worked exclusively at Defendants' deli/restaurant known as La Libertad Deli, located at 1385 Brentwood Road, Bay Shore, New York 11706.

39. Plaintiff's primary duties were non-managerial in nature and included preparing food, cooking, cleaning, and related deli/restaurant work, including cleaning smoke vents.

40. For approximately eight (8) months each year, Plaintiff typically worked six (6) days per week from approximately 2:00 p.m. until approximately 10:30 p.m. or 11:00 p.m., totaling approximately 51 to 54 hours per week.

41. For approximately four (4) months each year, Plaintiff typically worked six (6) days per week from approximately 12:00 p.m. or 1:00 p.m. until approximately 10:30 p.m. or 11:00 p.m., totaling approximately 57 to 66 hours per week.

42. During the warmer four-month period each year, Plaintiff regularly worked days in which his spread of hours exceeded ten (10) hours.

43. Plaintiff was not provided scheduled meal or rest breaks during his shifts.

44. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours in a workweek.

45. Defendants knew or should have known Plaintiff's hours because they scheduled his work, supervised his work, and maintained control over the workplace.

46. Defendants paid Plaintiff in cash on a weekly basis.

47. Defendants did not use a punch clock, time sheets, or any formal system to record Plaintiff's daily or weekly hours.

48. Defendants paid Plaintiff at the following approximate straight hourly rates for all hours worked: 2020: $17.00 per hour; 2021: $18.50 per hour; 2022: $18.75 per hour; 2023: $19.00 per hour; 2024: $19.50 per hour; and 2025: $19.50 per hour until approximately the last two weeks of employment, when he was paid $21.00 per hour.

49. Defendants paid Plaintiff the same hourly rate for hours under forty (40) and hours over forty (40) in a workweek.

50. Defendants did not pay Plaintiff at one and one-half times his regular rate for hours worked over forty (40) in a workweek.

51. Defendants did not pay Plaintiff spread-of-hours compensation for days on which his spread of hours exceeded ten (10) hours.

52. Defendants failed to provide Plaintiff, at the time of hiring, with a wage notice that complied with NYLL § 195(1).

53. Plaintiff was paid in cash and was not given any written hiring notice accurately identifying, among other things, his regular rate of pay, overtime rate of pay, regular payday, and the identity of his employer.

54. Because Defendants failed to provide a compliant wage notice, Plaintiff was deprived of statutorily required pay information in writing and was hindered in recognizing and contesting Defendants' underpayments in time to obtain prompt correction and payment.

55. Had Defendants provided a compliant wage notice, Plaintiff would have been better able to understand his pay entitlements, identify the employing entity and applicable rates, and challenge Defendants' failure to pay overtime compensation and spread-of-hours pay sooner.

56. 57. Defendants failed to furnish Plaintiff with accurate wage statements with each payment of wages. Plaintiff was paid in cash on a weekly basis, and the only writing provided with his pay, if any, was the amount written on a pay envelope.

57. The writings provided to Plaintiff with his pay, if any, did not accurately state, among other things, the dates of work covered, the hours Plaintiff worked, his regular and overtime rates of pay, gross wages, deductions, allowances, net wages, and the identity, address, and telephone number of his employer.

58. Because Defendants did not provide compliant wage statements and did not maintain or furnish accurate time records, Plaintiff was hindered in determining the precise wages due to him, including overtime and spread-of-hours pay, and was deprived of the use of those wages for longer than he otherwise would have been.

59. Had Defendants furnished accurate wage statements reflecting Plaintiff's actual hours worked and the rates at which he should have been paid, Plaintiff would have been able to identify the underpayments sooner and timely contest Defendants' pay practices.

60. Defendants failed to keep accurate records of the hours Plaintiff worked and wages paid to him.

61. Upon information and belief, Defendants employed other non-exempt workers, including deli, kitchen, counter, cashier, preparation, cleaning, and related workers, who were subject to the same or similar payroll practices.

62. Defendants' violations were willful, intentional, knowing, and/or in reckless disregard of the law.

## 7. CAUSES OF ACTION

### 7.1. Unpaid Overtime Under the FLSA

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

64. The FLSA requires employers to pay non-exempt employees overtime compensation at one and one-half times their regular rates for hours worked over forty (40) in a workweek.

65. Plaintiff and the members of the FLSA Collective were non-exempt employees.

66. Defendants were employers of Plaintiff and the FLSA Collective within the meaning of the FLSA.

67. Defendants suffered or permitted Plaintiff and the FLSA Collective to work more than forty (40) hours in workweeks.

68. Defendants failed to pay Plaintiff and the FLSA Collective overtime compensation as required by the FLSA.

69. Defendants' failure to pay overtime was willful.

70. As a result, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, attorneys' fees, costs, and all other available relief under the FLSA.

### 7.2. Unpaid Overtime Under the NYLL

71. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

72. The NYLL and supporting regulations require employers to pay non-exempt employees overtime compensation at one and one-half times their regular rates for hours worked over forty (40) in a workweek.

73. Plaintiff and the members of the New York Class were non-exempt employees.

74. Defendants failed to pay Plaintiff and members of the New York Class overtime wages as required by the NYLL.

75. As a result, Plaintiff and members of the New York Class are entitled to recover unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other available relief under the NYLL.

### 7.3. Spread-of-Hours Pay Under the NYLL

76. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

77. At all relevant times, Defendants were employers in the hospitality industry within the meaning of the NYLL wage orders.

78. The NYLL and applicable regulations require Defendants to pay an additional hour of pay at the basic minimum hourly rate for each day on which a non-exempt employee's spread of hours exceeded ten (10) hours.

79. Plaintiff and members of the New York Class regularly worked days with spreads of hours exceeding ten (10) hours.

80. Defendants failed to pay Plaintiff and members of the New York Class the required spread-of-hours compensation.

81. As a result, Plaintiff and members of the New York Class are entitled to recover spread-of-hours pay, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other available relief under the NYLL.

### 7.4. Failure to Provide Wage Notice Under NYLL § 195(1)

82. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

83. NYLL § 195(1) required Defendants to provide Plaintiff and the New York Class, at the time of hiring, with a written notice containing the information mandated by law.

84. Defendants failed to provide Plaintiff and the New York Class with the required wage notices.

85. Plaintiff suffered a concrete injury as a result of Defendants' failure to provide a compliant wage notice because, while being paid in cash and without a formal timekeeping system, he was deprived of statutorily required pay information in writing, including the identity of his employer and the rates at which he should have been paid, which hindered him in recognizing and contesting Defendants' underpayments in time to obtain prompt correction and payment.

86. Plaintiff and the New York Class are therefore entitled to statutory damages pursuant to NYLL § 198(1-b), together with attorneys' fees, costs, and such other relief as the Court deems just and proper.

**7.5. <u>Failure to Provide Wage Statements Under NYLL § 195(3)</u>**

87. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

88. NYLL § 195(3) required Defendants to furnish Plaintiff and the New York Class with accurate wage statements with each payment of wages.

89. Defendants failed to furnish Plaintiff and the New York Class with accurate wage statements as required by law.

90. Plaintiff suffered a concrete injury as a result of Defendants' failure to furnish accurate wage statements because, while being paid in cash and without accurate time records, the writings provided to him, if any, did not accurately reflect the dates worked, hours worked, or rates at which he should have been paid, which hindered him in determining the precise wages due and in timely contesting Defendants' underpayments.

91. Plaintiff and the New York Class are therefore entitled to statutory damages pursuant to NYLL § 198(1-d), together with attorneys' fees, costs, and such other relief as the Court deems just and proper.

## 8. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and grant the following relief:

A. Awarding Plaintiff, the FLSA Collective, and the New York Class unpaid overtime compensation;

B. Awarding Plaintiff and the New York Class unpaid spread-of-hours compensation;

C. Awarding Plaintiff, the FLSA Collective, and the New York Class liquidated damages to the fullest extent permitted by law;

D. Awarding Plaintiff and the New York Class statutory damages under NYLL §§ 198(1-b) and 198(1-d);

E. Awarding prejudgment interest on Plaintiff's and the New York Class's NYLL wage claims;

F. Awarding attorney's fees and costs; and,

G. Awarding such other and further damages as allowed by law.

## 9. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 14, 2026
Astoria, New York

Respectfully submitted,

*/s/ Clifford Tucker*
Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, NY 11102
718-269-2243
CTucker@SaccoFillas.com

**CONSENTIMIENTO PARA PARTICIPAR EN LA ACCIÓN**

**SOLICITUD PARA SER DEMENDANTE**

Yo doy consentimiento para ser demandante en una acción para recuperar los salarios no pagados, incluyendo pero no limitado a los salarios mínimos, horas extras, distribución de horas, propinas, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas debidas a mí y otros empleados con situación similar bajo cada ley, regla y regulación federal y estatal de salarios y horas que puede incluir pero no se limita a la Ley Federal de Normas Laborales Justas, Ley Laboral de Nueva York, Ley de Salarios y Horas de New Jersey, y cualquier otra ley, norma, reglamento y orden salarial aplicable.

Yo autorizo a Sacco & Fillas LLP a perseguir cualquier reclamación que pueda tener, incluyendo cualquier litigio que pudiera ser necesario, y doy mi consentimiento, acuerdo y opción de convertirme en demandante y estar obligado por cualquier arreglo de esta acción o sentencia por parte de la Corte.

Nombre: __Joel Barillas_______

Representante Legal:
Sacco & Fillas LLP
3119 Newtown Ave, Séptimo piso
Astoria, NY 11102

Firma: Joel barillas (Sep 26, 2025 23:49:29 EDT) Fecha: 9/26/2025